IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRUCE KELLY, JR.**<br>31 Graystone Lane,<br>Levittown, PA 19055<br><br>*Plaintiff,*<br><br>vs.<br><br>**KINDER MORGAN, INC.**<br>1001 Louisiana Street, Suite 1000<br>Houston Texas 77002<br><br>*Defendant.* | No. _____<br><br>CIVIL ACTION<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Bruce Kelly, Jr. (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Kinder Morgan, Inc. (*hereinafter* "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.); the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.); the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq*.); and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA and the ADEA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA and the ADEA.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) an (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under the ADA and the ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address set forth in the caption.

8. Kinder Morgan, Inc. is a large energy infrastructure corporation operating in North America, specializing in owning and controlling oil and gas pipelines and terminals in several states in the United States (including Pennsylvania). Plaintiff was hired through and worked out of Defendant's 1000 South Port Road, Fairless Hilla, PA 19030 location, also known as Kinder Morgan FHT.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a 53-year-old male.

12. Plaintiff was employed with Defendant (and Defendant's predecessor companies) for a total of approximately 27 years.

13. At all times relevant herein, Plaintiff's position with Defendant for the last approximate 15 years was "Operations Superintendent,"

14. During Plaintiff's long tenure with Defendant, Plaintiff was a dedicated and hard-working employee who performed his job well, often working in excess of 60 hours per week to ensure Defendant's operations were smooth and successful.

15. Plaintiff reported directly to Larry Bragg (*hereainfter* "Bragg"), Defendant's Operation Manager, and indirectly to Gregg Hartnett (*hereinafter* "Hartnett"), Defendant's Terminal Manager, as well as Chris Hamm (*hereinafter* "Hamm"), Defendant's General Manager

16. Defendant is known to discriminate and subject individuals with health conditions

to discriminatory treatment, including while under and utilizing FMLA.

17. During the last approximate 1-2 years of employment, Plaintiff's employment with Defendant, Plaintiff suffered from and continues to suffer from several health conditions, including very serious back and leg problems including disc problems, spinal stenosis, neuropathy, and other serious health complications.

18. As a result of his aforesaid health conditions, Plaintiff experiences severe pain, which (at times) limits his ability to perform some daily life activities, including but not limited to moving and bending (among other daily life activities).

19. Plaintiff relies upon a back stimulator, implant, self-therapy, medication, medical evaluations and recommendations, and other forms of treatment and care related to these health conditions.

20. Despite his aforesaid health conditions and limitations, Plaintiff was able to perform the duties of his job well with Defendant; however, Plaintiff did require some reasonable accommodations while employed with Defendant, such as intermittent time off under the FMLA (an ADA qualifying accommodation).

21. Plaintiff occasionally and intermittently called out from work due to back problems back flareups, or an inability to work due to his back complications, and specifically informed Bragg when he was calling out for these reasons and utilized PTO or personal time to cover time missed due to his disabilities.

22. In 2021, Plaintiff was not offered FMLA (intermittent) coverage for his intermittent absences despite management knowing time missed was for medical reasons.

23. Instead, in or about mid-September 2021, Plaintiff was abruptly given a Performance Improvement Plan ("PIP") for alleged attendance concerns and miscellaneous

(feigned) performance issues (*also based upon discriminatory perceptions* as set forth *infra*).

24. Prior to this PIP, Plaintiff had not received any progressive discipline or warnings for underperformance or attendance concerns.

25. Plaintiff's placement on this PIP was discriminatory and retaliatory and exhibited an intent by Defendant to potentially put in place a paper trail to pretextually terminate his employment.

26. Other than disability-related absences pre-PIP (which should have been FMLA protected and/or ADA-accommodation protected), the only other limited time Plaintiff missed in 2021 was in or about the spring of 2021 when Plaintiff disclosed his son had COVID, and Plaintiff was directed **by Defendant** not to return for nearly 2 weeks (despite that Plaintiff offered to return to work *within 24 hours*).

27. When Bragg presented the PIP to Plaintiff, Bragg made it appear as if the PIP was not a big deal and suggested: "just fix your absenteeism, that's all."

28. It is apparent that some feigned performance issues were put in the PIP just to curb the appearance that Plaintiff's medical-related attendance was the actual only reason for the PIP, as Bragg did not focus on anything performance related beyond stating he wanted Plaintiff to have more presence on the ships (which was also discriminatory as discussed *infra*).

29. Plaintiff was so caught off guard by the sudden PIP without any previous warnings or counseling, that Plaintiff specifically asked Bragg if Bragg was trying to get rid of Plaintiff, to which Braff responded "no," informed Plaintiff he was valued, and simply reiterated the attendance-related comment.

30. Leading up to the PIP, Bragg made numerous discriminatory comments, discriminatory perceptions, and discriminatory conversations.

31. On at least 3-4 occasions in the months leading up to the PIP, Bragg unilaterally

questioned Plaintiff about his back and health and perceived limitations.

32. Bragg asked Plaintiff if he was able to get up on the ship in light of Plaintiff's back and leg problems.

33. Bragg had an unwavering (and incorrect) perception that because he knew Plaintiff had serious leg and back problems, Plaintiff would be required to work *only* in the office at all times (a discriminatory perception).

34. Although Bragg did not work with Plaintiff nor observe his work performance first-hand, Bragg had a discriminatory perception that Plaintiff was not supervising well enough or failing to climb on ships to properly manage and observe (discriminatorily and inaccurately assuming Plaintiff spent most of his work shift in the office), which was false because Plaintiff did climb onto ships and properly managed and observed and did not spend the majority of his work shifts in the office.

35. Plaintiff repeatedly assured Bragg that he did in fact climb the ships and relayed that just because Plaintiff may have difficulty walking, climbing or was in pain when doing so, did not mean Plaintiff did not do his job or did not do his job well.

36. These discriminatory statements by Bragg were not based on fact, only his suspicions.

37. In sum, there is no question the PIP was solely given to Plaintiff for discriminatory and retaliatory reasons related to perceptions of Plaintiff's health or attendance-related accommodations.

38. The PIP was such a threat and scared Plaintiff to the point where he did not call out even when in excruciating pain in the months that followed for fear of further false and discriminatory performance/disciplinary actions.

39. However, starting in December of 2021, Plaintiff required the reasonable accommodation of approximately 2 weeks from work due to his medical conditions, and returned to Defendant in or about early January 2022.

40. Upon information and belief, Defendant designated this time out of work as FMLA qualifying.

41. In late-January 2022, Plaintiff contracted COVID-19 and was unable to work for approximately 1-2 weeks, which also should have been designated by Defendant as FMLA qualifying (a Plaintiff was unable to work *due to a serious health condition*).

42. Plaintiff took the PIP Defendant placed him on very seriously but had to continually follow up with Bragg about the monthly meetings that were outlined as a requirement in the PIP.

43. Bragg typically said he had no time, cancelled, and sought to reschedule the monthly meetings Plaintiff attempted to complete.

44. Because of Plaintiff's follow-ups, Plaintiff and Bragg did meet on average approximately once every 2-months, even if only for a few minutes.

45. Remaining too worried about taking time off for his back problems, Plaintiff continued to work without calling out for any individual days off (despite that needed to on multiple occasions for being in pain or having certain flareups).

46. In fact, Plaintiff did not miss any time following his COVID absence (from the late January 2022 timeframe) until on or about March 11, 2022 when he was terminated.

47. Plaintiff was terminated on or about March 11, 2022 for allegedly not doing well enough to improve his performance, presumably in reference to Plaintiff's retaliatory and discriminatory PIP.

48. However, this is an extremely pretextual reason for termination because Plaintiff (a) had never been given any progressive performance warnings; (b) was told in meetings he was doing a good job and keep it up; and (c) his termination closely followed numerous discriminatory perceptions and questions about his health and a PIP for attendance related concerns (reasonable accommodation under the ADA and FMLA qualifying).

49. Upon information and belief, after Plaintiff was terminated, his job duties have been performed by a much younger, less experienced individual who does not possess the level of qualifications and seniority Plaintiff had obtained working with Defendant.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. During the last approximate 1-2 years of employment, Plaintiff's employment with Defendant, Plaintiff suffered from and continues to suffer from several health conditions, including very serious back and leg problems including disc problems, spinal stenosis, neuropathy, and other serious health complications.

52. As a result of his aforesaid health conditions, Plaintiff experiences severe pain, which (at times) limits his ability to perform some daily life activities, including but not limited to moving and bending (among other daily life activities).

53. Plaintiff relies upon a back stimulator, implant, self-therapy, medication, medical evaluations and recommendations, and other forms of treatment and care related to these health conditions.

54. Plaintiff kept Defendant's management informed of his serious medical conditions

and need for medical treatment and other accommodations.

55. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable accommodations at times.

56. Plaintiff requested reasonable accommodations from Defendant, including but not limited to intermittent time off under the FMLA.

57. Plaintiff was subjected to hostility and animosity due to his health conditions and/or requests for accommodations through pretextual discipline and demeaning and/or discriminatory treatment towards him (as discussed *supra*).

58. Plaintiff complained of and objected to the aforementioned instances of disparate treatment and disability discrimination on several occasions to Defendant.

59. Plaintiff was terminated from his employment with Defendant shortly after requesting/utilizing reasonable accommodations and in close proximity to his complaints of and objections to disability discrimination.

60. Plaintiff believes and therefore avers that Defendant refused to accommodate Plaintiff on multiple occasions; and Plaintiff was subjected to a hostile work environment, issued pretextual discipline, and ultimately terminated because of Plaintiff's his known and/or perceived disabilities, his record of impairment, and/or in retaliation for requesting accommodations

61. These actions as aforesaid constitute violations of the ADA.

### COUNT II
### Violations of the Family and Medical Leave Act ("FMLA")
([1] Retaliation & [2] Interference)

62. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

63. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

64. Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

65. Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

66. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

67. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

68. Any intermittent leave that Plaintiff took during his employment with Defendant for his aforesaid health conditions would have been considered FMLA-qualifying leave.

69. Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) failing to inform Plaintiff of his individualized FMLA rights, which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (4) terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future; (5) by making negative comments and/or taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA; and/or (6) failing to designate Plaintiff's intermittent time off during his employment with Defendant as FMLA-qualifying or FMLA protected leave.

70. These actions as aforesaid constitute violations of the FMLA.

## COUNT III
## Violation of the Age Discrimination in Employment Act ("ADEA")
### (Age Discrimination)

71. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

72. Plaintiff is 53-years-old.

73. Plaintiff was abruptly terminated and upon information and belief, after Plaintiff was terminated, his job duties have been performed by a much younger, less experienced individual who does not possess the level of qualifications and seniority Plaintiff had obtained working with Defendant.

74. Plaintiff believes and therefore avers that he was terminated from his position with Defendant because of his advanced age.

75. These actions as aforesaid constitute unlawful age discrimination under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish

Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.	Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.	Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Allison A. Barker, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  April 26, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Bruce Kelly, Jr. | : | CIVIL ACTION |
| v. | : | |
| Kinder Morgan, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 4/26/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 31 Graystone Lane, Levittown, PA 19055

Address of Defendant: 1001 Louisiana Street, Suite 1000, Houston, TX 77002

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/26/2023  _____  ARK2484 / 91538
           *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
       *(Please specify): _____*

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
       *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or pro se plaintiff*, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 4/26/2023  _____  ARK2484 / 91538
           *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KELLY, JR., BRUCE

**DEFENDANTS**
KINDER MORGAN, INC.

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Houston
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| | | | | | 893 Environmental Matters |
| | | | | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | 448 Education | 540 Mandamus & Other | 462 Naturalization Application | | |
| | | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, FMLA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 4/26/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____